UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       *Plaintiff,*

v.

RANDY J. CHAFFEE,
STATE OF MICHIGAN,
and OTSEGO COUNTY,

       *Defendant.*

                                             /

CASE NO. 18-11559

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**ORDER REQUIRING RULE 26(f) MEETING
AND SETTING DATE FOR INITIAL RULE 16 CONFERENCE**

The Court will conduct an initial pretrial conference by telephone on **September 27, 2018 at 9:30 a.m.** Please note, Plaintiff's counsel is responsible for arranging the conference call. This preliminary order, therefore, requires Plaintiff's counsel, under Federal Rule of Civil Procedure 26(f), to organize the parties and assist in the Court in establishing a scheduling order that comports with Rule 16 of the Federal Rules of Civil Procedure. Nothing in this order decides or touches upon any issues involving jurisdiction or venue, and the parties must comply with it unless the Court directs otherwise.

**IT IS ORDERED** that Plaintiff's counsel shall conduct a meeting in person or by telephone with opposing counsel no later than **September 5, 2018**, to discuss the case pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Counsel of record must cooperate and consult in good faith.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file a written Rule 26(f) plan and status report on or before **September 21, 2018**. The plan must reflect the combined product of counsel's discussion and conform to E.D. Mich. LR 5.1(a). The plan must include

each matter specified under Rule 26(f)(1)-(4), as well as answers to the following questions, as applicable:

1. Will the issues of the litigation be narrowed?

2. Are amendments to any pleadings necessary?

3. Will either party be seeking to join any additional parties?

4. Will the parties agree to case evaluation, and stipulate to be bound by Michigan Court Rule 2.403, including sanctions?

5. Would a settlement conference, or some other form of alternative dispute resolution, be beneficial at this time or in the near future?

However, if either party files a Rule 12 motion in lieu of, or concurrent with, its answer, all deadlines listed in this order relating to Rule 26 are suspended. In this situation, the Court normally resolves the Rule 12 motions before issuing a scheduling order so long as it can do so while still complying with Rule 16(b)(2).

The Court also reminds the parties that at the pretrial conference it "may consider and take appropriate action" on matters such as "simplifying the issues, and eliminating frivolous claims or defenses" and "amending the pleadings. Fed. R. Civ. P. 16(c)(2)(A)-(B). Accordingly, the parties are encouraged consider these matters before the pretrial conference.

If any attorney believes that the case requires a telephone or in-person conference at any time, a request for such a conference should be directed to the Case Manager.

Date: August 27, 2018                         S/ PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge

## **CERTIFICATION**

 I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 27, 2018          By <u>s/Kristen Castaneda</u>
                   Case Manager