IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RANDY J. CHAFFEE, )<br>STATE OF MICHIGAN, and )<br>OTSEGO COUNTY, )<br>)<br>Defendants. )<br>_____ ) | Case No. 18-CV-11559<br><br>Judge Thomas L. Ludington<br><br>Magistrate Judge Patricia T. Morris |

## **PLAINTIFF UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

In his response to the United States' motion for partial summary judgment, Mr. Chaffee argues that the Court should deny summary judgment because the IRS has not furnished him with "a certified assessment and . . . supporting records" and because paragraphs 15 and 21 of the complaint amount to a fraud on him or the Court, due to his submission of a letter dated September 6, 2017 to the IRS (before the complaint was filed). Neither argument has merit, as they are completely irrelevant to whether Mr. Chafee is liable for the taxes at issue. Moreover, as discussed below, Mr. Chaffee has received all the information about the assessments against him to which he is entitled by law and regulation.

**Forms 4340 provided Chaffee with the information required under section 6203 and its regulation.**

Section 6203 provides that the IRS makes an assessment "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. That section further provides that, upon a taxpayer's request, "the Secretary shall furnish the taxpayer a copy of the record of the assessment." *Id.* Pursuant to the governing regulation, a requesting taxpayer "shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R. § 301.6203-1. Courts have consistently held that "Forms 4340 provide all of the information required" by section 6203 and regulation. *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992). *See also United States v. Niamatali*, 389 Fed. Appx. 334, 335-36 (5th Cir. 2010); *Ford v. Pryor,* 552 F.3d 1174, 1178 (10th Cir. 2008); *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993)("[s]ince the government has produced Certificates of Assessments and Payments on Form 4340, which set forth all the information this regulation requires, the [taxpayers] have already been given all the documentation to which they are entitled by section 6203."); *United States v. Miller,* 661 Fed. Appx. 445

(7th Cir. 2016) ("IRS Form 4340 supplies all of the information that [the taxpayer] is entitled to under the statute and regulation.")

Defendant Randy J. Chaffee alleges that he sent a letter to the IRS on September 6, 2017, requesting "a certified assessment and a copy of the supporting records" and that he received no response from the IRS.  *See* ¶¶ 4-6 of Chaffee's Response (the "Response") to the Government's Motion (the "Motion") for Partial Summary Judgment, ECF No. 30, PageIDs. 327-28.[1]  Whether or not he received a response directly from the IRS in 2017, he has received that information twice in this litigation.  On September 25, 2018, the United States sent to Mr. Chaffee all Forms 4340 ("Certificate of Assessments, Payments, and Other Specified Matters") (*i.e.,* Exhibits 1 and 3 attached to the Motion) supporting the assessments of the income tax liabilities and frivolous filing penalties at issue in this case.  *See* Ex. 27 (Government's Email sent to Mr. Chaffee regarding Forms 4340s).  On April 22, 2019, the United States sent Mr. Chaffee a number of documents bates stamped USA000001 through USA000214 ("Disclosed Documents").  *See* Ex. 28 (Government's letter dated April 22, 2019 to Chaffee transmitting documents bates stamped USA000001-USA000214).  The Disclosed Documents contained the

---

[1] The undersigned was unaware of Mr. Chaffee's September 6, 2017 letter prior to filing this lawsuit.

same Forms 4340 previously sent to Mr. Chaffee on September 25, 2018. The Disclosed Documents also contained (i) Mr. Chaffee's social security earning records (*i.e.,* Exhibit 4 attached to the Motion) and (ii) the frivolous returns filed by Mr. Chaffee (*i.e.*, Exhibits 5 through 23-6 to the Motion, with the exception of Exhibits 15, 23, and 24, which were inadvertently omitted from the disclosures[2]).

Mr. Chaffee alleges that the Forms 4340 were "non-responsive" to his request. *See ¶* 9 of the Response, ECF No. 30, PageID. 329. However, as noted above, courts in many circuits have held that the Forms 4340 in themselves provide sufficient information required by the regulation under section 6302, and accordingly the United States has fulfilled its obligation under the statute and regulation by providing the Forms 4340. Moreover, the United States provided Mr. Chaffee additional information, including his social security earning records and the frivolous returns filed by him, which further provided the bases for the income tax liabilities and frivolous filing penalties assessed against him.[3]

---

[2] The inadvertent omission of these exhibits does not in any way prejudice Mr. Chaffee, as he filed these returns and has personal knowledge of their contents.

[3] Mr. Chaffee's annual social security earnings contained in the certified social security earnings records and his unemployment compensation contained in many frivolous returns filed by Mr. Chaffee provide the bases for the amount of "adjusted gross income" as shown on the Form 4340 for each tax year, which was used for Mr. Chaffee's income tax liability assessments. For example, for the 2003 tax year, Mr. Chaffee had social security earnings in the amount of $20,232 (*see* Certified Social Security Earnings Records, ECF No. 24-5, PageID.236) and

Mr. Chaffee has not provided any authority to support his position that the Forms 4340 are "non-responsive" or not sufficient to meet the requirement of providing "the pertinent parts of the assessment" as provided in CFR § 301.6203-1. Nor has he provided any evidence to rebut the presumption of valid assessments as established by the Forms 4340 by a preponderance of the evidence.

Finally, even if the IRS had previously failed to comply with the requirement to provide the assessment records in response to Mr. Chaffee's September 6, 2017, "no section of the Internal Revenue Code or the regulations imposes a sanction for the IRS's failure to comply with this provision," and "any failure by the IRS to comply with its duty to provide the information set out in § 301.6203-1 did not render the assessment . . . invalid." *Howell v. United States*, 164 F.3d 523, 525 (10th Cir. 1998).

**Paragraphs 15 and 21 of the United States' Complaint**

Mr. Chaffee also takes issue with Paragraphs 15 and 21 of the complaint and alleges that undersigned counsel committed fraud on him or the Court because those paragraphs are false due to his letter dated September 6, 2017 (attached as

---

unemployment compensation in the amount of $6,353 (*see* 2003 Form 1040, Line 19, ECF No. 24-14, PageID.250). As a result, Mr. Chaffee's total income for 2003 was $26,585, which was the amount of "adjusted gross income" shown on the Form 4340 for the 2003 tax year (*see* Form 4340 for 2003, ECF No. 24-2, PageID.160) and used as the basis for the assessment.

Exhibit A to the Response). *See ¶¶* 7 and 12 of the Response, ECF No. 30, PageIDs. 328 and 330. It is unclear why Mr. Chaffee believes that his September 6, 2017 letter renders Paragraphs 15 and 21 false. However, what is clear is that after being provided with the Forms 4340 and other information by the United States, Mr. Chaffee still has not voluntarily made any payment of his tax liabilities, as he alleged he would do in his September 6, 2017 letter.

For the reasons set forth above and in the United States' Motion for Partial Summary Judgment, the United States respectfully requests the Court grant its Motion.

                                                    FOR PLAINTIFF
                                                    UNITED STATES OF AMERICA

                                                    RICHARD E. ZUCKERMAN
                                                    Principal Deputy Assistant Attorney
                                                    General, Tax Division, U.S.
                                                    Department of Justice

                                                    */s/Pingping Zhang*
                                                    PINGPING ZHANG (NY)
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    P.O. Box 55
                                                    Washington, D.C. 20044
                                                    Tel: 202-305-2165

## Certificate of Service

I hereby certify that on July 9, 2019 I filed the foregoing document using the Court's ECF system, which will send notification to all registered participants. I also certify that on the same date I mailed the foregoing document to Randy J. Chaffee via U.S. First Class Mail to the following address:

>1794 McGregor Road
>Vanderbilt, MI 49795

and that I emailed a copy of the foregoing document to Randy J. Chaffee via email to his email address briscodaddy1015@yahoo.com.

>/s/ Pingping Zhang
>PINGPING ZHANG (NY)
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 55
>Washington, D.C. 20044
>202-305-2165 (v)
>Pingping.Zhang@usdoj.gov