UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

v
        Case No. 18-11559
        Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

RANDY J. CHAFFEE,
STATE OF MICHIGAN,
OTSEGO COUNTY

        Defendants.
_____/


**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING TERRITORIAL JURISDICTION CHALLENGE**

On May 17, 2018, Plaintiff the United States of America, filed a complaint against Defendant Randy J. Chaffee. ECF No. 1. Plaintiff seeks to obtain judgment on Chaffee's unpaid taxes and unpaid tax penalties and to enforce tax liens on Chaffee's real property.[1]

The complaint was referred to Magistrate Judge Patricia Morris for resolution of pretrial matters. ECF No. 11. On May 30, 2019, Chaffee filed a motion to dismiss. ECF No. 26. The next day, Plaintiff filed a motion for partial summary judgment against Chaffee. ECF No. 24. Judge Morris issued a report, recommending that Chaffee's motion to dismiss be denied and Plaintiff's motion for partial summary judgment be granted. ECF No. 35. Chaffee subsequently filed objections to Judge Morris's report and recommendation. ECF No. 37.

---

[1] Plaintiff named the State of Michigan and Otsego County as Defendants because they have "or may claim an interest in the [p]roperty." ECF No. 1 at PageID.2-3.

Defendant's objections will be overruled and the Report and Recommendation adopted.

**I.**

**A.**

Plaintiff alleges that from 2003 to 2008, Defendant either failed to file tax returns or filed false returns claiming no tax liability. A delegate of the Secretary of the Treasury made the following tax liability assessments against Defendant.

| Tax Period | Assessment Date | Balance Due as of 5/2/2018 |
| --- | --- | --- |
| 12/31/2003 | 11/1/2010 | $7,440.37 |
| 12/31/2004 | 11/17/2008, 9/27/2010, 4/30/2012, 5/6/2013 | $5,748.53 |
| 12/31/2005 | 3/8/2010, 4/30/2012 | $4,043.03 |
| 12/31/2006 | 9/29/2008, 9/20/2010 | $2,169.94 |
| 12/31/2007 | 8/1/2011, 4/30/2012, 5/6/2013 | $1,485.41 |
| 12/31/2008 | 12/12/2011, 5/6/2013 | $3,372.69 |
| | **Total as of 5/2/2018** | **$24,259.97** |

ECF No. 1 at PageID.4.

Plaintiff further claims that it provided Defendant notice of his outstanding tax liability. However, Defendant did not furnish payment, despite the fact that Plaintiff also sent him a collection summons. It also alleges that Defendant filed frivolous tax filings in 1998 and from 2000 through 2008, making him liable for 19 tax penalties. *Id.* at PageID.5.

Plaintiff's complaint seeks three counts of recovery. First, $24,259.97 in unpaid income tax liabilities for tax years 2003 through 2008. Second, $223,640.41 in unpaid tax penalties for the tax years 1998 and 2000 through 2008. Third, enforcement of a federal tax lien on Defendant's real property located at 1794 McGregor Road, Vanderbilt, Michigan 49795. Plaintiff's motion for

partial summary judgment seeks resolution of all counts. If the motion is granted, Plaintiff represents that it "will submit a proposed order of sale or one appointing a real estate agent as a receiver to list and sell the Property." ECF No. 24 at PageID.155.

**B.**

In her report, Magistrate Judge Morris first addressed Defendant's motion to dismiss followed by Plaintiff's motion for partial summary judgment.

**1.**

The crux of Defendant's motion to dismiss is as follows:

> I, Randy J. Chaffee, <u>now</u>, challenge the Plaintiff to prove/evidence, in writing, on/in the official record, fact evidence of personal jurisdiction over me, as to what I said, did (contact), or signed (contract) to become a 'person' subject to this US court, as a man that has not elected to become a U.S. Citizen, or to contract with the same.
>
> <u>Therefore</u>, upon the Plaintiff's failure to evidence personal jurisdiction, as challenged. [sic] I motion the court to dismiss for its lack of evidenced personal jurisdiction which creates a general jurisdiction want of jurisdiction, essentially lacking a declaration of law from the Plaintiff for the court to rely upon for 'subject matter jurisdiction'. This case must be dismissed, as a matter of law, forthwith.

ECF No. 26 at PageID.313 (underlining present in original).

Magistrate Judge Morris rejected Defendant's argument. She cited to various courts that have rejected similar arguments by parties claiming to have "not elected to become U.S. citizens." *Id.* She further cited to law supporting the principle that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant…who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

Magistrate Judge Morris recommended denying Defendant's motion to dismiss.

**2.**

She then addressed Plaintiff's motion for partial summary judgment, which consists of three parts: Defendant's unpaid tax liability, Defendant's tax penalties, and enforcement of a federal tax lien on Defendant's real property.

**i.**

Magistrate Judge Morris quoted the Supreme Court when it held, "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness–a presumption that can help the Government prove its case against a taxpayer in court." *U.S. v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). She recommended:

> In this case, Plaintiff has presented Forms 4340…to establish Defendant's tax assessments. These Forms demonstrate tax liabilities for each year from 2003 through 2008. A declaration from an IRS revenue officer brings these sums up to date, establishing the current balances—mentioned above—as of May 30, 2019. (ECF No. 24, PageID.190-192.) All of these materials constitute presumptive proof of Defendant's liability.
>
> Plaintiff is therefore entitled to judgment unless Defendant has met his burden. I suggest he has not. Defendant does not argue that the sums are incorrect or present any evidence to that effect. (ECF No.30, PageID.327-334.) Instead, the gist of Defendant's response appears to be that he sent Plaintiff a letter on September 6, 2017, exercising his statutory right to request a certified assessment; he has received no response, he claims. (ECF No.30, PageID.327.) The letter, which he has attached to his brief, asserted he did not understand the IRS's tax computations and "would appreciate it if the person reading this letter would have the designated IRS Assessment Officer send me a certified assessment and a copy of the supporting record used to make the assessments." (ECF No.30, PageID.337.) The letter goes on to state that once he received a response, he would have the record verified and make arrangements to pay the assessments. (*Id.*)

ECF No. 35 at PageID.403. Magistrate Judge Morris continued by finding that Defendant had in fact received the Forms 4340 providing an assessment and that he had not identified any deficiencies in the forms. Citing case law, she noted that "[e]ven if errors existed, Defendant would not be entitled to the relief he seems to request, *i.e.* mooting the case or somehow invalidating the assessments." ECF No. 35 at PageID.405.

**ii.**

Magistrate Judge Morris next recommended that judgment be entered for Plaintiff on Defendant's tax penalties because Plaintiff filed frivolous tax returns. 26 U.S.C. § 6702(a) addresses tax penalties and provides:

A person shall pay a penalty of $5,000 if--

>(1) such person files what purports to be a return of a tax imposed by this title but which--
>
>>(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
>>
>>(B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
>
>(2) the conduct referred to in paragraph (1)—
>
>>(A) is based on a position which the Secretary has identified as frivolous under subsection (c), or
>>
>>(B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. § 6702.

Plaintiff argued that Defendant had filed multiple frivolous tax returns and was liable for 19 tax penalties during the following years. Magistrate Judge Morris reviewed Plaintiff's analysis for each year and determined that Defendant was liable for all 19 tax penalties. She agreed with Plaintiff's claims that Defendant had filed multiple frivolous tax returns during the following years.

| Year | Number of tax penalties |
|------|-------------------------|
| 1998 | 1 |
| 2000 | 1 |
| 2001 | 1 |
| 2002 | 1 |
| 2003 | 1 |
| 2004 | 1 |

|      |       |    |
|------|-------|----|
| 2005 |       | 2  |
| 2006 |       | 3  |
| 2007 |       | 8  |
|      | **TOTAL** | **19** |

ECF No. 35 at PageID.411-424.

### iii.

Magistrate Judge Morris found that Plaintiff was entitled to enforce a federal tax lien in order to recoup the amounts Defendant owed on his unpaid taxes and tax penalties. ECF No. 35 at PageID.424. The real property at issue is 1794 MacGregor Rd., Vanderbilt, Michigan 49795. Tax liens are provided for in 26 U.S.C. § 6321:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

Magistrate Judge Morris recommended that Plaintiff was entitled to enforce the tax liens against Defendant's property.

### II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify

the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Defendant filed twelve objections to Magistrate Judge Morris's report. ECF No. 37. Many of the objections relate to the same issues and will be addressed together.

Objections 1, 5, 6, and 10[2] relate to Defendant's earlier contention in his motion to dismiss that the Court lacks personal jurisdiction. He presents similar if not identical arguments to those presented in his earlier motion and does not interact with Magistrate Judge Morris's recommendation. Specifically, he does not refute the fact that he was served process in Vanderbilt Michigan. As explained above Federal Rule of Civil Procedure 4(k)(1)(A) provides "[s]erving a

---

[2] Defendant includes on objection entitled "Objection No. 10 - Conclusion" and "Objection No. 10 - Review." ECF No. 37 at PageID.436. The objection addressed here is "Objection No. 10 - Review."

summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. Pr. 4(k)(1)(A). Accordingly, Defendant's Objections 1, 5, 6, and 10 will be overruled.

Defendant also filed a "Territorial Jurisdiction Challenge with Motion to Dismiss" three months after Magistrate Judge Morris issued her Report and Recommendation. ECF No. 43. The motion raises the same arguments Defendant previously raised in his Motion to Dismiss that were rejected by Magistrate Judge Morris. Accordingly, the motion will be denied.

Defendant's Objections 2, 3, and 7 relate to Defendant's earlier contention that Plaintiff did not furnish tax assessments. He argues that the information in the Forms 4340 is false and is a product of "garbage in garbage out." ECF No. 37 at PageID.434. He further contends that "Plaintiff's submitted FORM 4340 is un-sworn, un-verified, un-reliable, un-true, and un-acceptable." *Id.* at PageID.435 (*sic* throughout). However, he provides no evidence to support these contentions. *See U.S. v. Rohner*, 634 F. App'x. 495, 499 (6th Cir. 2015) ("'Vague and general denials' of an assessment's accuracy do not…establish a reasonable denial sufficient to shift the burden to the Government."). Accordingly, Defendant's Objections 2, 3, and 7 will be overruled.

Defendant's eighth objection is entitled "Objection No. 8 - 1998, 2000-2004, 2005, 2006, 2007, 2008 Tax Submissions."[3] It provides:

> All documents sent to Plaintiff, IRS, were done under threat of arrest, death, and theft of all Affiant's property, by the exact way that the King of England was doing in 1776 upon the American lands – "HE HAS ERECTED A MULTITUDE OF NEW OFFICES, AND SENT HITHER SWARMS OF OFFICERS TO HARASS OUR PEOPLE, AND EAT OUT THEIR SUBSTANCE". [*sic*]

---

[3] Plaintiff labelled two of his objections as "Objection No. 8." The first is entitled "Objection No. 8 - Taxes Penalties." The second is entitled "Objection No. 8 - 1998, 2000-2004, 2005, 2006, 2007, 2008 Tax Submissions."

- 8 -

*Id.* at PageID.435 (emphasis in original). Defendant has not presented any evidence to support his contention that the dozen or more Form 1040s he sent to the IRS were done so under duress. His objection will be overruled.

In Objections 4, 8[4], and 9, Defendant contends that there is no evidence that he "is a person qualified, or eligible, to ever file any tax form, or pay any tax, to the IRS, or UNITED STATES OF AMERICA." ECF No. 37 at PageID.432. Defendant has provided no legal authority nor evidence to support his argument that he is exempt from federal tax laws. His objections will be overruled.

Objection 10[5] accuses Magistrate Judge Morris of conspiring with Plaintiff against Defendant. Defendant provides no evidence to support this baseless accusation. The objection will be dismissed.

## IV.

Accordingly, it is **ORDERED** that Defendant's objections to Magistrate Judge Morris's Report and Recommendation, ECF No. 37, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 35, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Motion for Partial Summary Judgment, ECF No. 24, is **GRANTED**.

It is further **ORDERED** that Defendant's Motion to Dismiss, ECF No. 26, is **DENIED**.

---

[4] The objection referenced here is entitled "Objection No. 8 - Tax Penalties."
[5] The objection referenced here is entitled "Objection No. 10 - Conclusion."

It is further **ORDERED** that Defendant's "Territorial Jurisdiction Challenge with Motion to Dismiss," ECF No. 43, is **DENIED**.

Dated: March 20, 2020                s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **RANDY J. CHAFFEE,** 1794 McGregor Road, Vanderbilt, MI 49795 by first class U.S. mail on March 20, 2020.

                                     s/Kelly Winslow
                                     KELLY WINSLOW, Case Manager

---