IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:18-cv-11559-TLL-PTM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RANDY J. CHAFFEE, | ) |
| STATE OF MICHIGAN, and | ) |
| OTSEGO COUNTY, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**STIPULATION REGARDING PRIORITY OF STATE OF MICHIGAN'S TAX LIENS, OTSEGO COUNTY'S PROPERTY TAX LIENS, AND UNITED STATES' FEDERAL TAX LIENS**

In anticipation of a stipulation to appoint a receiver and to sell the property, Plaintiff United States of America and Defendants State of Michigan and Otsego County, through their undersigned counsel, hereby stipulate to the priority as follows:

1.  The property tax liens securing unpaid property taxes assessed under the General Property Tax Act of Michigan against 1794 McGregor Road, Vanderbilt, Michigan 49795 (the "Property") have first priority over the federal tax liens on the Property held by the Plaintiff United States of America, and over the state tax liens on the Property held by Defendant State of Michigan.

1

2.  The United States and the State of Michigan agree that the dates of their respective tax assessments shall control for the purpose of determining lien priority, as indicated in *Exhibit A* attached to this stipulation.

3.  The Property is legally described as:

    Commencing at the Southeast corner of the Southwest ¼ of the Southwest ¼ of Section Seventeen (17), T32N, R3W, thence West along the South section line a distance of 160 feet, thence North a distance of 272.25 feet, thence East a distance of 160 feet, thence South a distance of 272.25 feet to the point of beginning, containing one (1) acre, more or less.

4.  If an order is entered to sell the Property, the real property taxes assessed against the Property under Michigan Law shall be paid to Otsego County first in priority. Any remaining proceeds shall be distributed to the United States and State of Michigan in satisfaction of their tax liens, according to the priority determined pursuant to paragraph 2, above.

5.  Any proceeds remaining after distribution in accordance with paragraph 4 shall be distributed to Defendant Randy J. Chaffee.

| For Plaintiff United States of America | DANA NESSEL |
|---|---|
|  | Attorney General of Michigan |
| RICHARD E. ZUCKERMAN | */s/ Moe Freedman* |
| Principal Deputy Assistant Attorney | Moe Freedman (P74224) |
| General, Tax Division, U.S. | Assistant Attorney General |
| Department of Justice | *Attorney for Defendant State of Michigan* |
| */s/Ali Gadelhak* | 3030 W. Grand Blvd., Ste. 10-200 |
| ALI GADELHAK | Detroit, MI 48202 |
| Trial Attorney, Tax Division | (313) 456-0140 |

| | |
|---|---|
| U.S. Department of Justice<br>P.O. Box 55<br>Washington, D.C. 20044<br>Tel: 202-307-0854<br>Ali.Gadelhak@usdoj.gov | CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>*/s/ Haider A. Kazim*<br>HAIDER A. KAZIM (P66146)<br>*Attorney for Defendant Otsego County*<br>310 West Front Street, Suite 221<br>Traverse City, MI 49684<br>(231) 922-1888<br>hkazim@cmda-law.com |

## Certificate of Service

I certify that on September 2, 2020 I filed the foregoing document using the Court's ECF system, which will send notification to all registered participants, and mailed a copy via U.S. Postal Service first class to the following non-ECF participant:

Randy J. Chaffee
1794 McGregor Road
Vanderbilt, Michigan 49795

                                                */s/ Ali Gadelhak*
                                                ALI GADELHAK
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                P.O. Box 55
                                                Washington, D.C. 20044
                                                202-307-0854 (v)
                                                202-514-5238 (f)
                                                Ali.Gadelhak@usdoj.gov

## Exhibit A[12]

| Lienholder | Assessment Date | Amount[1] |
|---|---|---|
| IRS | 11/8/2004 | $ 4,855.77 |
| IRS | 11/8/2004 | $ 4,963.03 |
| IRS | 11/8/2004 | $ 3,151.79 |
| IRS | 5/19/2008 | $ 194.02 |
| MDT | 12/30/2008 | $ 1,793.43 |
| MDT | 12/30/2008 | $ 328.00 |
| MDT | 12/30/2008 | $ 2,188.04 |
| MDT | 12/30/2008 | $ 429.00 |
| IRS | 3/16/2009 | $ 20,000.00 |
| IRS | 3/23/2009 | $ 10,004.80 |
| IRS | 3/23/2009 | $ 15,000.00 |
| IRS | 4/27/2009 | $ 70,000.00 |
| IRS | 1/4/2010 | $ 5,000.00 |
| IRS | 1/4/2010 | $ 10,000.00 |
| IRS | 1/4/2010 | $ 10,000.00 |
| IRS | 1/4/2010 | $ 10,000.00 |
| IRS | 1/4/2010 | $ 5,000.00 |
| IRS | 1/4/2010 | $ 5,000.00 |
| IRS | 3/8/2010 | $ 3,034.05 |
| IRS | 9/27/2010 | $ 3,975.36 |
| IRS | 11/1/2010 | $ 5,775.26 |
| IRS | 8/1/2011 | $ 1,001.43 |
| MDT | 11/3/2011 | $ 2,829.86 |
| MDT | 11/3/2011 | $ 590.00 |
| MDT | 11/3/2011 | $ 3,432.49 |
| MDT | 11/3/2011 | $ 745.75 |
| IRS | 12/12/2011 | $ 2,713.30 |
| MDT | 7/16/2013 | $ 1,100.12 |
| MDT | 10/1/2013 | $ 4,226.91 |
| MDT | 10/1/2013 | $ 942.00 |
| MDT | 10/29/2013 | $ 5,121.43 |
| MDT | 10/29/2013 | $ 1,186.25 |
| MDT | 2/21/2014 | $ 108.00 |
| MDT | 12/11/2014 | $ 6,563.33 |
| MDT | 12/11/2014 | $ 1,485.50 |
| MDT | 4/24/2015 | $ 1,318.00 |

---

[1] The amount listed in the "Amount" column is as of the date of the respective IRS or MDT tax lien. The current liability amounts will take into account any accruals such as interest and penalties as well as payments and credits as provided by law.

[2] MDT Notice of Tax Lien No. 1408751, filed on October 26, 2006, appears on the property record but since expired and does not give MDT an interest in the Property. As such, it will not be included in the priority nor be paid in a distribution.