UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:18-cv-11559 |
| v. | |
| RANDY J. CHAFFEE, STATE OF MICHIGAN, and OTSEGO COUNTY, | Honorable Thomas L. Ludington United States District Judge |
| Defendants. | |

**STIPULATED ORDER TO APPOINT RECEIVER AND TO SELL PROPERTY**

Plaintiff United States of America and Defendants State of Michigan and Otsego County, through their undersigned counsel, previously having entered into stipulations resolving the parties' respective claims (ECF No. 54), and the Court having entered a judgment declaring each party's interest and permitting the United States to enforce its federal tax liens upon the properties subject to this action by appointing a receiver to sell the properties (ECF No. 55), the parties hereby stipulate to this instant order to appoint a receiver to sell the real property located at 1794 McGregor Road, Vanderbilt, Michigan 49795, a single family residence (the "Property"):

1. The Property shall be sold under 26 U.S.C. § 7402(a) and 7403(b) to enforce federal tax liens against defendant Randy J. Chaffee and to collect his unpaid federal tax liabilities following the terms below:

    a. The sale of the Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

c. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

d. The terms of any purchase agreement shall require an earnest money deposit, payable by cash or certified check, in an amount determined by the Receiver (as defined in ¶ 2), that shall be forfeited upon the purchaser's failure to perform, with the balance of the purchase price to be paid in cash at closing.

e. The closing shall not occur (i) before the proposed sale has been approved by further order of this Court as described in ¶ 1.g., below, or (ii) more than 45 days after the sale has been approved, unless the United States agrees to an extension. At closing, the successful purchaser shall pay the balance of the purchase price for the Property. Any earnest money deposits and amounts received by the Receiver shall be held in escrow, consistent with private sales, pending distribution as provided for herein or pursuant to further order of this Court.

f. If the purchaser fails to fulfill the requirement in ¶ 1.e, above, the sale shall be treated as null and void, and the deposit shall be forfeited as liquidated damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the parties' claims pursuant to further order of this Court. The Property shall be again offered for sale under the terms and conditions of this order of sale. The successful purchaser at the new sale shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting purchaser.

g. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale of the Property, ownership and possession of that Property shall transfer to the successful purchaser, and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished.

h. Until the Court confirms the sale of the Property, the United States, the Receiver and/or their representatives are authorized to have free and full access to that Property in order to (i) make necessary repairs or improvement in the sole discretion of the United States, (ii) allow prospective purchasers to inspect the property, including the interior of any buildings located on the property, and (iii) take any and all actions necessary to preserve the property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property;

i. After the confirmation of the sale, the Receiver shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date of the confirmation of the sale, to the successful purchaser, and the Recording Official of the relevant county shall cause the transfer of that property to be reflected upon that county's register of title. The successful purchaser shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

j. The Receiver shall be compensated from the proceeds of the sale of the Property in an amount equal to (i) six (6) percent of the gross sales proceeds (reduced by repair or improvement costs, if any) and (ii) his reasonable and necessary expenditures to protect and preserve the value of the Property that were approved in writing by the United States of America. Any commission payable to a purchaser's real estate agent shall be

payable from the Receiver's six percent compensation (unless otherwise modified by a further Court order).

2. Anna Tomasik of Coldwell Banker Schmidt Realtors is hereby appointed as receiver (the "Receiver") for the purpose of assisting in the enforcement of the tax liens against the Properties, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), and is directed to take custody and arrange for the sale of the Properties in accordance with this Order. The Receiver shall have the authority to arrange for the sale of the Properties, subject to approval by this Court, in any manner approved by the United States.

3. The United States Marshals Service and/or the Otsego County Sheriff's Office is hereby authorized to serve this Order on the occupant(s) of the Property personally in the manner provided by Rule 4(e)(1), Rule 4(e)(2)(A), or Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure as soon as practicable but no later than twenty-one (21) days after the entry of this order. Upon arriving at the Property, or as thereafter determined by it to be necessary, the United States Marshals Service and/or the Otsego County Sheriff's Office is authorized to conduct a protective sweep of the premises to ensure the law enforcement officers' safety. After satisfying itself that it is reasonably safe to do so, the United States Marshals Service and/or the Otsego County Sheriff's Office shall then serve the occupant(s) of the Property with this Order in the manner as described above.

4. All persons occupying the Property shall vacate the Property permanently within forty-five (45) days from the date this Order is served as provided in ¶ 3, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the Receiver and the United States is authorized to coordinate with the United States

Marshal and/or the Otsego County Sheriff's Office to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service and/or the Otsego County Sheriff's Office is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service and/or the Otsego County Sheriff's Office is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order.

5. At any time after all persons occupying the Property have vacated the Property, the United States Marshal Service and/or the Otsego County Sheriff's Office is authorized to assist the Receiver to enter the Property, who shall take pictures of the inside of the Property and create a list of inventory of fixtures, fittings, and furnishings inside the Property. The Receiver is also authorized to secure the Property by changing the locks.

6. Any personal property remaining on the Property forty-five (45) days after the date this Order is served as provided in ¶ 3 is deemed forfeited and abandoned, and the Receiver is authorized to dispose of it in any manner she sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be held in escrow.

7. While on the premises, the occupant(s) of the Property shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may

directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential buyers, nor shall they cause or permit anyone else to do so.

| For Plaintiff United States of America<br><br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General, Tax Division, U.S. Department of Justice<br><br>/s/Ali Gadelhak<br>ALI GADELHAK<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55<br>Washington, D.C.  20044<br>Tel: 202-307-0854<br>Ali.Gadelhak@usdoj.gov | DANA NESSEL<br>*By: /s/ Moe Freedman (with permission)*<br>Moe Freedman (P74224)<br>Assistant Attorney General<br>*Attorney for Defendant State of Michigan*<br>3030 W. Grand Blvd., Ste. 10-200<br>Detroit, MI 48243<br>(313) 456-0140<br><br>CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>*/s/ Haider A. Kazim (with permission)*<br>Haider A. Kazim (P66146)<br>*Attorney for Defendant Otsego County*<br>310 West Front Street, Suite 221<br>Traverse City, MI 49684<br>(231) 922-1888<br>hkazim@cmda-law.com |
|---|---|

Having been stipulated by the parties, and this Court being otherwise advised in the premises:

It is so **ORDERED**.

Dated: September 1, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge